IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE HOSKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1130-SMY |
| | ) |
| ERIC WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Shane Hoskins filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the constitutionality of his confinement.[1] Citing *United States v. Davis*, 139 S. Ct. 2319 (2019) and other decisions, Hoskins argues that his conviction under 18 U.S.C. § 924(c) is unconstitutional and that he is entitled to relief. Now pending before the Court is Respondent Eric Williams' Motion to Dismiss (Doc. 12). Hoskins filed a response in opposition (Doc. 14). For the following reasons, the Motion is **GRANTED**.

## Background

Hoskins was convicted on December 8, 2004 of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and tampering with a witness in violation of 18 U.S.C. § 1512(c)(2). *United States v. Hoskins*, 9:04-cr-035 (D. Mont.), Doc. 180. He was sentenced to 30 years of imprisonment followed by supervised release for life. *Id*. Docs.

---

[1] Petitioner filed this case while he was incarcerated at FCI Greenville. He has since been released from prison and resides in Anaconda, Montana.

229 and 236; *United States v. Hoskins*, 364 F.Supp.2d 1214 (D. Mont. 2005). His conviction and sentence were affirmed on direct appeal. *United States v. Hoskins*, 164 Fed.Appx. 602 (9th Cir. 2006), *cert. denied*, 547 U.S. 1172 (2006). His motion under 28 U.S.C. § 2255 was denied on November 20, 2008, *United States v. Hoskins*, 2008 WL 11452353 (D. Mont. 2008).

On June 23, 2016, Hoskins filed an application for an order authorizing a district court to consider a second or successive motion under § 2255. *United States v. Hoskins*, 16-72049 (9th Circ. 2016). He argued for relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2016) and *Welch v. United States*, 136 S.Ct. 1257 (2016). The Ninth Circuit Court of Appeals denied his application. *United States v. Hoskins*, 16-72049 (9th Circ. 2016), Doc. 2.

In his § 2241 Petition in this case (Doc. 1), Hoskins argues that § 2241 is the correct vehicle for pursuing his claim under § 2255(e)'s savings clause and the test articulated in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Additionally, he may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the

movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Specifically, § 2255(e) contains a "savings clause" (also referred to as the "safety-valve" clause, *see Reynolds v. United States*, Case No. 18-cv-691 (M.D. Pa., Doc. 5, April 4, 2018)) which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The fact that Hoskins was barred from bringing a successive § 2255 petition does not render it an inadequate remedy. *Davenport*, 147 at 609-10 (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Rather, under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction, because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611. Following *Davenport* and its progeny, the Seventh Circuit has articulated a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause:

- The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

- The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

- A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

Hoskin's Petition fails to satisfy the first condition – *Davis* is not a decision of statutory interpretation; it considered a constitutional issue which could be raised in a successive § 2255 motion. *Id*. 139 S.Ct. at 2324. And his claim cannot be considered because the Court of Appeals has not permitted him to file a second or successive § 2255 motion.[2]

## Disposition

For the foregoing reasons, the Motion to Dismiss (Doc. 12) is **GRANTED**; Shane Hoskins' § 2241 Petition (Doc. 1) is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the

---

[2] In light of this conclusion, the Court need not address his argument that § 924(c)(1)(A) is unconstitutionally vague.

amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  September 9, 2021**

**STACI M. YANDLE**
**United States District Judge**